**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PATRICK ALFORD, | No. 2:16-CV-1305-GEB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's complaint (Doc. 1) and plaintiff's motion for injunctive relief (Doc. 3).

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff names the following as defendants: (1) Kernan; (2) Doe; (3) Schumaker; (4) Rudas; (5) Horowitz; (6) Smith; and (7) Smiley. Defendants Kernan, Smith, and Smiley are supervisory personnel – the Secretary of the California Department of Corrections and Rehabilitation, the Chief Medical Officer at Mule Creek State Prison, and the Chief Executive Officer of Medical Services at Mule Creek State Prison, respectively.

1

1    Plaintiff claims that defendant Doe, a prison doctor, was deliberately indifferent to
2 medical needs stemming from an abscess which developed after open-heart surgery in August
3 2013.  Specifically, plaintiff alleges:

> . . .Plaintiff had a medical visit with Dr. John Doe, MD, on or about mid-April 2014, and Plaintiff informed Dr. John Doe, MD, about the abscess, and after Plaintiff was examined, Dr. John Doe, MD, then told Plaintiff that "It is just scar tissue from the heart bypass surgery that you underwent."  Dr. John Doe, MD, then refused the Plaintiff's request to be seen by either a Treatment & Triage Area (hereafter TTA) physician or Plaintiff's cardiologist.

Plaintiff claims that defendant Doe is liable for "misdiagnosis of Plaintiff's post-op site chest abscess. . . ."  Plaintiff claims that, as a result, he developed osteomyelitis of the sternum, chronic pain, and an infection, all of which necessitated additional surgeries.

Next, plaintiff alleges that defendant Schumaker, a prison nurse, was also deliberately indifferent with respect to plaintiff's abscess.  Specifically, he alleges that, in the second week of May 2014, he presented at the medical clinic "for emergent medical care and bandages after the chest abscess . . . popped and began draining blood and pus."  According to plaintiff, defendant Schumaker said: "No work order, no examination."  Plaintiff states that defendant Schumaker again denied care for a popped abscess on June 20, 2014.

Next, plaintiff claims that defendant Rudas, a prison doctor, was also deliberately indifferent with respect to plaintiff's chest abscess.  Plaintiff alleges that, even though the abscess first presented at a surgical post-op in August 2013, defendant Rudas "waited until July 29, 2014, to consider if Plaintiff possibly had sternal Osteomyelitis after Plaintiff informed Dr. Rudas, MD, that he (Plaintiff) had been having a severe recurring infection at the post-op site since April 2014, and had been having extreme difficulty getting treatment by the C-YARD Medical Clinic nurses and physicians."  Plaintiff adds:

> . . .Dr. Rudas, MD, is a trained and licenses Physician and Surgeon, yet Dr. Rudas, MD, waited until August 13, 2014, to consult with Dr. Mamoud, MD, a San Joaquin General Hospital Surgeon about the possibility of sternal osteomyelitis after Dr. Rudas had Plaintiff X-RAYED at Mule Creek State Prison on August 13, 2014. . . .

1         Next, plaintiff claims that defendant Horowitz, a prison doctor, repeatedly reduced the amount of pain medication prescribed by his treating physicians.

        Finally, plaintiff alleges that defendants Smith and Smiley are liable with respect to denial of plaintiff's inmate grievances. The complaint contains no specific allegations regarding any conduct by defendant Kernan.

## II. DISCUSSION

### A. Plaintiff's Complaint

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

/ / /

/ / /

/ / /

By separate order, the court finds that service is appropriate for defendants Schumaker, Rudas, and Horowitz. For the reasons discussed below, the court finds that defendants Kernan, Smith, Doe, and Smiley should be dismissed.

1.  Defendant Doe

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In this case, plaintiff very clearly states that defendant Doe is liable for "misdiagnosis of Plaintiff's post-op site chest abscess. . . ." Because negligence in diagnosing a medical condition does not give rise to a constitutional claim, defendant Doe should be dismissed.

/ / /

/ / /

/ / /

/ / /

1              2.      Defendants Kernan, Smith, and Smiley

2              Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

              When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

              In this case, plaintiff has not alleged any conduct by defendant Kernan, who clearly was named solely because he is the Secretary of the California Department of Corrections and Rehabilitation. Defendant Kernan should be dismissed from the action.

              As to defendants Smith and Smiley, plaintiff alleges that they are liable as a result of their handling of plaintiff's inmate grievance. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640

(9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.  Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Defendants Smith and Smiley should also be dismissed from the action.

### B.    Motion for Injunctive Relief

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374).

/ / /

1    Plaintiff seeks a preliminary injunction directing defendants Rudas and Smith to
2 "treat Plaintiff's Chronic and Severe Pain with an adequate Pain Medication, To Wit: MS
3 [morphine sulfate] Contin 30mg twice a day for Plaintiff's lifelong pain. . . ."  Plaintiff also seeks
4 an order directing defendants Rudas and Smith to schedule knee surgery.  As to knee surgery,
5 there is no reference to this issue in the complaint, which concerns plaintiff's chest abscess.
6 Because the merits of this action do not involve knee surgery, plaintiff cannot show a likelihood
7 of success on the merits.
8    As to medication, plaintiff is essentially asking this court to order prison officials
9 to provide him with a certain dose of a specific medication for the rest of his life.  While the
10 court finds that plaintiff has stated a cognizable claim against defendant Horowitz based on
11 plaintiff's allegation that defendant Horowitz altered other doctors' prescriptions for pain
12 medication, that is not to say that the court necessarily finds that plaintiff is likely to succeed on
13 the merits of this claim.  It is possible that defendant Horowitz acted unnecessarily and wantonly
14 for the purpose of inflicting pain.  It is also possible that defendant Horowitz' conduct was
15 appropriate and that plaintiff's claim amounts to a mere difference of medical opinion regarding
16 the type of dosage of pain medication.  Plaintiff has not presented any evidence or argument to
17 support one possibility over the other.  Thus, plaintiff nas not established a likelihood of success
18 on the merits.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants Kernan, Doe, Smith, and Smiley from this action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

1. Defendants Kernan, Doe, Smith, and Smiley be dismissed from the action; and

2. Plaintiff's motion for injunctive relief (Doc. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 10, 2017

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

9