IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK ALFORD, | No. 2:16-CV-1305-GEB-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SCOTT KERNAN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion for leave to amend (Doc. 16); and (2) plaintiff's motion for the appointment of counsel (Doc. 15).

Plaintiff seeks leave to amend the complaint to "add more issues regarding Defendant DR JOHN DOE's refusal to treat Plaintiff's Serious Medical Condition." Plaintiff states that the amendment can be accomplished by "simply re-wording and re-phrasing" the original complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleading once as a matter of right at any time before being served with a responsive pleading. A review of the docket reflects that no responsive pleading has been served. Therefore, plaintiff's motion is unnecessary.

1

Because plaintiff did not submit a proposed amended complaint with his motion, this action currently proceeds on the original complaint. The court has determined that the original complaint is appropriate for service on defendants Horowitz, Rudas, and Schumaker, and plaintiff has submitted the documents necessary for service by the United States Marshal. Furthermore, currently pending before the District Judge assigned to this case are the court's March 10, 2017, findings and recommendations for dismissal of defendant Doe for failure to state a claim.[1] Though plaintiff may file an amended complaint as-of-right, this action will proceed on the original complaint if plaintiff fails to do so within the time provided by this order.

Plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff states that he requires the assistance of counsel because he has no legal training or education, he has limited access to the inmate law library, the case involves multiple defendants, and the case involves medical issues. Rather than describing exceptional circumstances, plaintiff described the circumstances common to almost all inmates with medical

---

[1] The court concluded that plaintiff's claim against defendant Doe of alleged misdiagnosis of his medical condition is not cognizable. The court is dubious that plaintiff can cure this defect by "simply re-wording and re-phrasing" the original complaint.

claims. Morever, plaintiff has demonstrated an adequate ability to articulate his claims on his own and plaintiff's Eighth Amendment medical care claims do not appear to present overly complex factual or legal questions. Finally, at this stage of the proceedings before any defendant has answered or before any discovery, the court cannot say that plaintiff has a likelihood of success on the merits.

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's motion for the appointment of counsel (Doc. 15) is denied;

        2.     Plaintiff's motion for leave to amend (Doc. 16) is denied as unnecessary; and

        3.     Plaintiff may file an amended complaint within 30 days of the date of this order.

DATED: June 22, 2017

                                                                                                            /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE