# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK ALFORD, | No. 2:16-CV-1305-KJM-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SCHUMAKER, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are the following motions: (1) plaintiff's second and third motions for the appointment of counsel (ECF Nos. 37 and 43); (2) plaintiff's motion for an extension of time (ECF No. 38) to file a reply to defendants' answer; and (3) plaintiff's motion for an extension of time (ECF No. 42) to respond to defendants' discovery requests.

Plaintiff's motion for an extension of time to file a reply to defendants' answer will be denied because the rules do not contemplate such a pleading. Plaintiff's reply to defendants' answer, filed on June 27, 2019 (ECF No. 41), will be stricken.

Plaintiff's motion for an extension of time to respond to defendants' interrogatories and requests for production will be granted. Plaintiff's responses will be due within 30 days of the date of this order. On the court's own motions, the discovery cut-off date and dispositive motions filing deadline established in the June 5, 2019, scheduling order will be

extended for the limited purpose of allowing defendants an opportunity to conduct follow-up discovery if necessary.

Finally, plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. A review of the docket reflects that plaintiff has been able to articulate his claims on his own and that the Eighth Amendment medical care claims raised in this case are neither factually nor legally complex. Further, at this stage of the proceedings before the completion of discovery and the filing of pre-trial dispositive motions, the court cannot make any specific finding regarding the likelihood plaintiff will prevail on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 38) to file a reply to defendants' answer is denied and the reply filed on June 27, 2019 (ECF No. 41), is stricken;

2. Plaintiff's motion for an extension of time (ECF No. 42) to respond to defendants' interrogatories and requests for production is granted;

3. Plaintiff shall serve responses to defendants' discovery requests within 30 days of the date of this order;

4. The court sua sponte extends the discovery cut-off date and dispositive motions filing deadline established in the June 5, 2019, scheduling order each by 60 days; and

5. Plaintiff's requests for the appointment of counsel (ECF Nos. 37 and 43) are denied.

Dated: September 6, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE