UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Patrick Alford, | No. 2:16-cv-01305-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Schumacher, et al., | |
| Defendants. | |

David Patrick Alford, who is incarcerated in Mule Creek State Prison, alleges two doctors and a nurse on the prison's medical staff were deliberately indifferent to an infection in his sternum and to his pain after two surgeries to treat that infection. He brought this civil rights action against the doctors and nurse as a pro se litigant. The case was referred to the assigned Magistrate Judge for pretrial procedures under this District's Local Rules, *see* E.D. Cal. L.R. 302(c), and the Magistrate Judge now recommends granting the defendants' motion for summary judgment in full. *See* Mot. Summ. J., ECF No. 49; Opp'n, ECF No. 64; Reply, ECF No. 65; F&Rs, ECF No. 67. Mr. Alford objects to that recommendation, ECF No. 70, and the defendants have responded to his objection, ECF No. 71. As explained in this order, the court **adopts in part** the magistrate judge's findings and recommendations, **grants** the motions for summary judgment by Drs. Rudas and Dr. Horowitz, and **denies** the motion for summary judgment by Ms. Schumacher, a nurse.

Mr. Alford underwent open-heart surgery in August 2013.  Rudas Decl. ¶ 3, ECF No. 49-4.  At first he seemed to be recovering well.  *Id.*; Alford Dep. at 17 (lodged).  Later, unfortunately, a large abscess developed in his chest.  *See, e.g.*, Rudas Decl. ¶¶ 6–7 & Ex. A at 05290.  Mr. Alford testified in his deposition that he went to Ms. Schumacher for treatment in May 2014 but that she refused his request for a bandage and told him to "get out" because he did not have a "work order."  *Id.* at 18–19.  Later, he recalled, when he went back for treatment and explained the problem again, an unidentified doctor overheard him and told Ms. Schumacher to send him to critical care immediately.  *Id.* at 24.  He also recalled Dr. Rudas being "livid" about the poor treatment he had received.  *Id.* at 25.

Ms. Schumacher and Dr. Rudas remember things differently.  Ms. Schumacher would testify that Mr. Alford first came to her in late June, not in May.  *See* Schumacher Decl. ¶ 3.  She would also testify that a nurse examined him and cleaned his wound, that he spoke to a nurse practitioner, that he received antibiotics, and that he scheduled follow-up visits.  *See id.* ¶¶ 3–4.  Dr. Rudas also submitted a declaration describing his "professional medical opinion that the course of care provided to Mr. Alford was appropriate."  Rudas Decl. ¶ 14.

It is undisputed, however, that Mr. Alford returned and received care for his wound over the next few weeks, that the abscess returned, and that he was eventually referred to Dr. Rudas for treatment.  *See, e.g.*, Rudas Decl. ¶¶ 7, 9, 11; Alford Dep. at 23–24.  Dr. Rudas cleaned and packed the wound in July, prescribed another course of antibiotics, and tested for an infection.  Rudas Decl. ¶ 10.  About two weeks later, the test results had come back negative, but the abscess had formed again.  *Id.* ¶ 11.  A chest x-ray also revealed evidence of a potential infection on Mr. Alford's sternum.  *Id.*  Then, within three days, Mr. Alford received a CT scan, was referred to a surgeon, and was transferred to the San Joaquin General Hospital.  *Id.* ¶¶ 12–13.  He underwent surgery to remove portions of his sternum in August and October.  *Id.* ¶¶ 13 & Ex. A at 5158–59, 5590.

Doctors originally prescribed morphine for his pain after the surgeries.  Later, however, Dr. Horowitz reduced and eliminated his morphine dose and prescribed methadone, an alternative medication.  *See* Horowitz Decl. ¶¶ 4–6, ECF No. 49-3.  In a declaration she filed in this case,

Dr. Horowitz describes morphine as a "drug of abuse" that is susceptible to diversion and misuse within the prison. *Id.* ¶ 4. In her opinion, methadone is "not as easily mutated for abuse," so it is a preferable alternative. *Id.* She does not remember seeing Mr. Alford in "substantial pain," *id.* ¶ 5, but he testified it was "very painful," Alford Depo. at 38. He also testified that doctors on the prison's medical staff disagreed about whether a morphine prescription was appropriate. He saw "five different doctors and everyone had their own opinion . . . . [S]ome would agree with the pain medication applications or prescriptions and some would say take two aspirins and go home." Alford Dep. at 39; *see also id.* at 34–35 (describing disagreement about propriety of methadone prescription for patient with history of heart problems).

      Mr. Alford filed his case in June 2016, representing himself. ECF No. 1. He alleges Ms. Schumacher and Dr. Rudas withheld and delayed treatment before the first surgery, *see* First Am. Compl. at 5–6, 9–12, ECF No. 20,[1] and he alleges Dr. Horowitz withheld medication in deliberate indifference to his pain. *See* First Am. Compl. at 7–8. All three defendants move for summary judgment, and as noted the Magistrate Judge recommends granting the motion. *See* F&Rs at 12–19.

      Mr. Alford's claims rest on the Cruel and Unusual Punishments Clause of the Eighth Amendment, which is applicable to the states under the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976). Poor medical care can amount to cruel and unusual punishment when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *See id.* at 104. A medical need is "serious" if the "failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). A doctor is "deliberately indifferent" if he or she "knows of and disregards" the risk. *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

/////

/////

---

[1] To avoid confusion, this order cites the First Amended Complaint using the page numbers printed at the top right of each page by the CM/ECF system.

Although Mr. Alford's medical needs were indisputably "serious," a jury could not find on this record that Dr. Rudas or Dr. Horowitz was deliberately indifferent to those needs. Dr. Rudas treated the wound, tested for an infection, prescribed antibiotics, ordered x-rays and CT scans, and referred Mr. Alford to a surgeon, all within a few weeks. Mr. Alford agreed in his deposition that his dispute with Dr. Rudas amounts to a difference of opinion. *See* Alford Dep. at 31. Differences of opinion between a doctor and patient or do not prove the doctor's deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta*, 744 F.3d at 1083. Similarly, when the record is taken in the light most favorable to Mr. Alford's position, it could show at most that the prison doctors had conflicting opinions about the appropriate treatment for his pain. *See* Horowitz Decl. ¶¶ 3–4; Alford Dep. at 34–35. A conflicting medical opinion is not alone proof of deliberate indifference. *Snow*, 681 F.3d at 987. The court thus adopts the Magistrate Judge's recommendation to grant summary judgment of the claims against Drs. Rudas and Horowitz. *See* F&Rs at 14–19.

The Magistrate Judge also recommends granting summary judgment of Mr. Alford's claims against Ms. Schumacher. The Magistrate Judge found no evidence in the record to support Mr. Alford's claim that Ms. Schumacher refused to treat his abscess. *See id.* at 12–13. Mr. Alford testified in his deposition, however, (1) that Ms. Schumacher refused to treat his chest wound in May 2014 because he did not have a "work order," Alford Dep. at 18–19, (2) that she did not refer him to critical care until a doctor ordered her to do so after overhearing Mr. Alford's complaints, *id.* at 24, and (3) that Dr. Rudas was "livid" about the poor treatment he had received, *id.* at 25. This testimony is "sufficient to establish a genuine dispute of material fact" even though it is "uncorroborated and self-serving." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015). The court's function at this stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The court therefore orders as follows:

(1) The findings and recommendations at ECF No. 67 are **adopted in part** as described above.

(2) The motion for summary judgment at ECF No. 49 is **granted in part and denied in part**. Summary judgment is granted for the claims against Drs. Horowitz and Rudas. Summary judgment is denied for the claims against Ms. Schumacher.

(3) Upon consideration of the record and Mr. Alford's claims, the court finds that the appointment of counsel is appropriate for the limited purpose of preparing for and attending a court-convened settlement conference. This matter is **referred to the administrator of this District's pro bono panel of attorneys, Sujean Park Castelhano**, for identification of a potential attorney.

IT IS SO ORDERED.

DATED: September 27, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE